SLT:MEL
F. #2014R01781/OCDETF # NYNYE-764

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ORLANDO GUTIERREZ-RENDON,
   also known as "Negro Orlando,"
"Negro," "Jose Orlando Padilla
Gutierrez," "La Tia," "Compita,"
"El Viejo" and "Estevan,"

            Defendant.

I N D I C T M E N T

CR 14 607

(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(c)(1)(B)(ii), 924(d)(1), 3238, 2 and
3551 et seq.;T. 21, U.S.C., §§ 848(a),
848(c), 853(a), 853(p), 959(c),
960(b)(1)(B)(ii) and 963; T. 28, U.S.C.,
§ 2461(c))

- - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.    The GUTIERREZ-RENDON Drug Trafficking Organization (the "GUTIERREZ DTO") was a cocaine trafficking and cocaine-debt collection organization based in Cali, Colombia.

2.    The defendant ORLANDO GUTIERREZ-RENDON, also known as "Negro Orlando," "Negro," "Jose Orlando Padilla Gutierrez," "La Tia," "Compita," "El Viejo" and "Estevan," was a principal leader of the GUTIERREZ DTO.

3.    The GUTIERREZ DTO was involved in multi-ton shipments of cocaine from Colombia to Mexico, El Salvador and Panama for ultimate importation into the United States. The GUTIERREZ DTO coordinated the production, purchase and transfer of

shipments of cocaine, as well as the receipt of shipments of cocaine in Mexico. The GUTIERREZ DTO also acted as a collection agency, using violence and murder in order to obtain payments and collect outstanding debts related to cocaine shipments. In exchange for its role in collecting funds, the GUTIERREZ DTO received ownership interests in cocaine shipments. The vast majority of drugs trafficked by the GUTIERREZ DTO were ultimately imported into the United States.

4. The GUTIERREZ DTO also employed "sicarios," or hitmen, who carried out various acts of violence, including murders, assaults, kidnappings and assassinations. The GUTIERREZ DTO utilized these acts of violence to collect debts and to promote and enhance the prestige, reputation and position of the organization.

## COUNT ONE
(Continuing Criminal Enterprise)

5. The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

6. In or about and between January 2006 and May 2013, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant ORLANDO GUTIERREZ-RENDON, also known as "Negro Orlando," "Negro," "Jose Orlando Padilla Gutierrez," "La Tia," "Compita," "El Viejo" and "Estevan," together with others, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendant ORLANDO GUTIERREZ-RENDON committed violations of Title 21, United States Code, Sections 848(e), 952(a), 959(a), 960 and 963, including Violations One through Eight set forth below, which violations were part of a continuing series of violations of those

statutes undertaken by the defendant ORLANDO GUTIERREZ-RENDON, in concert with five or more other persons with respect to whom the defendant ORLANDO GUTIERREZ-RENDON occupied a supervisory and management position, and from which continuing series of violations the defendant ORLANDO GUTIERREZ-RENDON obtained substantial income and resources. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Eight set forth below:

Violation One
(International Cocaine Distribution – Approximately 200 Kilograms of Cocaine)

7. On or about March 13, 2013, within the extraterritorial jurisdiction of the United States, the defendant ORLANDO GUTIERREZ-RENDON, together with others, did knowingly and intentionally distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

Violation Two
(International Cocaine Distribution – Approximately 11,000 Kilograms of Cocaine)

8. On or about January 15, 2009, within the extraterritorial jurisdiction of the United States, the defendant ORLANDO GUTIERREZ-RENDON, together with others, did knowingly and intentionally distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title

21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## Violation Three
(International Cocaine Distribution – Approximately 500 Kilograms of Cocaine)

9. On or about November 8, 2007, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant ORLANDO GUTIERREZ-RENDON, together with others, did knowingly and intentionally distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## Violation Four
(International Cocaine Distribution – Approximately 1,000 Kilograms of Cocaine)

10. On or about and between May 23, 2007 and June 6, 2007, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant ORLANDO GUTIERREZ-RENDON, together with others, did knowingly and intentionally distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Five
(International Cocaine Distribution – Approximately 16,000 Kilograms of Cocaine)

11. On or about March 17, 2007, within the extraterritorial jurisdiction of the United States, the defendant ORLANDO GUTIERREZ-RENDON, together with others, did knowingly and intentionally distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Six
(International Cocaine Distribution – Approximately 1,000 Kilograms of Cocaine)

12. On or about March 5, 2007, within the extraterritorial jurisdiction of the United States, the defendant ORLANDO GUTIERREZ-RENDON, together with others, did knowingly and intentionally distribute five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Seven
(Murder Conspiracy – Rival Drug Traffickers)

13. In or about and between January 2006 and May 2013, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant ORLANDO GUTIERREZ-RENDON, together with others, while engaged in one

or more offenses punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit: the crime charged in Count Two, did knowingly and intentionally conspire to kill and cause the intentional killing of one or more persons, to wit: leaders, members and associates of rival drug trafficking organizations, and such killings did result, in violation of Title 21, United States Code, Sections 848(e)(1)(A) and 846.

Violation Eight<br>(Murder of Samir Garcia)

14. In or about October 2008, within the extraterritorial jurisdiction of the United States, the defendant ORLANDO GUTIERREZ-RENDON, together with others, while engaged in one or more offenses punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit: the crime charged in Count Two, did knowingly and intentionally kill and cause the intentional killing of Samir Garcia, in violation of Title 21, United States Code, Section 848(e)(1)(A), and Title 18, United States Code, Section 2.

(Title 21, United States Code, Sections 848(a) and 848(c); Title 18, United States Code, Sections 3238 and 3551 et seq.)

COUNT TWO<br>(International Cocaine Distribution Conspiracy)

15. The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

16. In or about and between January 2006 and May 2013, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant ORLANDO GUTIERREZ-RENDON, also known as "Negro Orlando," "Negro," "Jose Orlando Padilla Gutierrez," "La Tia," "Compita," "El Viejo" and "Estevan," together

with others, did knowingly and intentionally conspire to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 959(c), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT THREE
(Use of Firearms in Furtherance of Drug Trafficking)

17. The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

18. In or about and between January 2006 and May 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ORLANDO GUTIERREZ-RENDON, also known as "Negro Orlando," "Negro," "Jose Orlando Padilla Gutierrez," "La Tia," "Compita," "El Viejo" and "Estevan," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in Counts One and Two, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crimes, one or more of which firearms was brandished and discharged and one or more of which firearms was a machinegun.

7

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

19. The United States hereby gives notice to the defendant charged in Count One that, upon his conviction of such offense, the government will seek a forfeiture money judgment in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit (1) any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and (3) any of his interest in, claims against and property or contractual rights affording a source of control over, the continuing criminal enterprise.

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

8

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

21. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek a forfeiture money judgment in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT THREE

23. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of such offense, or willful violation of any other criminal law of the United States.

24. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2014R01781/OCDETF #NYNYE-764
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

ORLANDO GUTIERREZ-RENDON,

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 924(d)(1), 3238, 2
and 3551 et seq.; T. 21, U.S.C., §§ 848(a), 848(c), 853(a), 853(p),
959(c), 960(b)(1)(B)(ii) and 963; T. 28, U.S.C., § 2461(c))

A true bill.

_____
Foreperson

Filed in open court this _____ day of _____ A.D. 20 ____

_____
Clerk

Bail, $ _____

*Steven L. Tiscione, Assistant U.S. Attorney (718) 254-6317*